UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESUS DIAZ, | ) |
| | ) |
| Plaintiff, | ) Case No. _____ |
| | ) |
| v. | ) |
| | ) |
| CAPITAL RESTORATION, LLC, | ) |
| and STEPHEN CASEY CLARK, | ) |
| | ) |
| Defendants, | ) |
| | ) |

## COMPLAINT

Plaintiff Jesus Diaz, by and through his undersigned counsel, files this complaint pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to recover unpaid wages, unpaid overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees against Capital Restoration, LLC ("Capital Restoration") and Stephen Casey Clark ("Clark").

Plaintiff alleges as follows:

### PARTIES

1.  Plaintiff is a resident of Georgia.

2. Capital Restoration is a limited liability company with its principal place of business in the State of Georgia. It is authorized to conduct and conducts business in the states of Georgia, Tennessee, and Alabama.

3. Clark is a resident of the State of Georgia and is the owner, member, and manager of Capital Restoration.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391.  Capital Restoration and Clark transact business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

6. Plaintiff was a non-exempt employee who worked for Capital Restoration and Clark as an hourly-paid employee throughout the period December 1, 2014 through May 27, 2015.

7. At all times throughout the relevant period, Plaintiff was an "employee" of Capital Restoration and Clark and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

8. At all times during the relevant period, Capital Restoration and Clark were the "employer" of Plaintiff.

9. At all times during the relevant period, Capital Restoration and Clark were an enterprise with multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

10. Capital Restoration and Clark transact business Georgia, Tennessee, Alabama, and on information and belief, other states.

11. During the relevant period, Capital Restoration and Clark were an enterprise with annual gross volume of sales made or business done of not less than $500,000.

12. During the relevant period, Clark controlled Capital Restoration's actual operations relating to Plaintiff's employment. Clark exercised direct control over Plaintiff's employment, compensation, and workplace conditions. Clark decided how much to pay Plaintiff, willfully violated the FLSA, and willfully caused Capital Restoration to violate the FLSA.

## FACTS

13. Capital Restoration and Clark operate a construction business specializing in restoration of residential plumbing systems. Capital Restoration and Clark

install plumbing systems manufactured outside the state of Georgia and use construction materials manufactured outside the state of Georgia.

14. Plaintiff was a non-exempt employee under the FLSA whose primary job responsibilities included performing construction labor relating to plumbing restoration.

15. Plaintiff was paid a regular rate of pay of $15 per hour but was not properly paid for overtime for those hours worked in excess of 40 hours per week. For those hours in excess of 40 hours per week for which he was paid, Plaintiff was paid $15 per hour instead of $22.50 required by federal law.

16. Plaintiff worked in excess of 40 hours per week in the large majority of weeks that Plaintiff worked for Capital Restoration and Clark.

17. Plaintiff also worked hours for which he was not compensated. For example, Plaintiff was required to travel to and attend weekly meetings for which he was not compensated.

18. Plaintiff also was required to travel between job sites during the day for which he was not compensated.

19. Capital Restoration and Clark have maintained records of those hours that Plaintiff worked for which Plaintiff was paid. Upon information and belief,

Capital Restoration and Clark have not maintained accurate records of those hours that Plaintiff worked for which he received no compensation.

20. Plaintiff has given his written consent to become party Plaintiff in this lawsuit.

## COUNT I

## FAIR LABOR STANDARDS ACT VIOLATIONS – UNPAID WAGES

21. 20. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

22. At all relevant times, Capital Restoration and Clark are, have been, and continue to be an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

23. At all relevant times, Capital Restoration and Clark employed Plaintiff within the meaning of the FLSA.

24. At all relevant times, Capital Restoration and Clark had a uniform policy and practice of willfully refusing to pay Plaintiff and other non-exempt employees for all hours worked.

25. As a result of Capital Restoration and Clark's willful failure to compensate Plaintiff for all hours worked, Capital Restoration and Clark violated the FLSA.

26. Capital Restoration and Clark's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

27. Due to Capital Restoration and Clark's FLSA violations, Plaintiff is entitled to recover from Capital Restoration and Clark, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

28. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

29. At all relevant times, Capital Restoration and Clark were an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

30. At all relevant times, Capital Restoration and Clark employed Plaintiff within the meaning of the FLSA.

31. At all relevant times, Capital Restoration and Clark had a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime

compensation for all hours worked in excess of forty hours per work week by Plaintiff.

32. As a result of Capital Restoration and Clark's willful failure to compensate Plaintiff the applicable wage for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week, Capital Restoration and Clark violated the FLSA.

33. Capital Restoration and Clark's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. Due to Capital Restoration and Clark's FLSA violations, Plaintiff is entitled to recover from Capital Restoration and Clark compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Capital Restoration and Clark:

A. An award of compensation for unpaid wages to Plaintiff;

B. An award of unpaid compensation for overtime to Plaintiff;

C. An award of liquidated damages to Plaintiff;

D. An award of prejudgment and post-judgment interest to Plaintiff;

E. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

F. Such other and further relief as this Court deems just and proper.

This 18th day of June, 2015.

**HALL & LAMPROS, LLP**

/s/ Christopher B. Hall
Christopher B. Hall
HALL & LAMPROS, LLP
Ga Bar No. 318380
1230 Peachtree St. N.E.
Suite 950
Atlanta, GA 30309
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
ATTORNEYS FOR THE
PLAINTIFF